1 | Aidan W. Butler (SBN 208399)
Attorney at Law
2 | 3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
3 | Telephone: (213) 388-5168
Telecopier: (213) 388-5178
4 | tocontactaidan@gmail.com

5 | Attorneys for Plaintiff MARLA COLE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLA COLE, an individual, | CASE NO.: |
| Plaintiff, | |
| | COMPLAINT FOR DAMAGES FOR |
| vs. | 1) THE FAIR DEBT COLLECTION PRACTICES ACT; |
| CAVALRY PORTFOLIO SERVICES, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive, | 2) THE ROSENTHAL ACT; AND |
| | 3) THE FAIR CREDIT REPORTING ACT. |
| Defendants. | DEMAND FOR JURY TRIAL |

### I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §§1681p, 1692k(d), and 28 U.S.C. §1337.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

///

## II. THE PARTIES.

3. The plaintiff, MARLA COLE (hereinafter collectively "Plaintiff"), is a natural person who, at all times relevant herein, was a resident of the State of California, county of Los Angeles.

4. Defendant CAVALRY PORTFOLIO SERVICES, LLC ("CAVALRY") is a Delaware limited liability company headquartered in Valhalla, New York.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

## III. FACTUAL ALLEGATIONS.

7. Plaintiff obtained a credit card from Washington Mutual for personal, family, household use, and in fact used the card – and made payments – for more several years.

8. At some point Washington Mutual was acquired by Chase Bank, or one of its various affiliated entities. Chase began servicing the account.

9. Eventually a dispute arose between the parties. Chase claimed that Plaintiff had defaulted with an outstanding balance of approximately four to five thousand

dollars; Plaintiff disagreed.

10. At some point in or around 2009, Chase allegedly sold the debt to a company called Hilco Receivables, LLC ("Hilco"). Hilco then changed its name to Equable Ascent Financial, LLC ("Equable").

11. On November 10, 2010, Equable filed a lawsuit against Plaintiff in the Superior Court of California, County of Los Angeles – case number 10C04258. Plaintiff timely filed an answer denying Equable's allegations, and propounded discovery seeking documents or information supporting Equable's allegations.

12. In April, 2010, Plaintiff and Equable signed a settlement agreement, pursuant to which Equable agreed to delete any "tradeline" from Plaintiff's credit, and further agreed that no 1099-C would be filed with the IRS. The parties further agreed to a mutual release – which included specific reference to the Chase debt which had been the basis of the lawsuit. Additionally, the parties agreed that no money would be paid by either side, and that the lawsuit would be dismissed with prejudice. The settlement agreement was signed by Plaintiff, Equable's "Authorized Representative," and the parties' attorneys. The lawsuit was then dismissed.

13. Although the alleged Chase debt had been disputed for years, and was expressly included in the release by Equable, at various times in 2014 – including February 10, April 18, and June 23, 2014, CAVALRY wrote letters to Plaintiff seeking to collect the Chase debt. The letters included the statement, "This is an attempt to collect a debt," and "[T]his communication is from a debt collector." (UPPER CASE lowered for readability.)

14. On or around August 4, 2014, CAVALRY obtained a copy of Plaintiff's consumer report from Experian. The report revealed that on several occasions in 2014 – including on or around January 1, August 4, and August 13, 2014 – CAVALRY obtained a copies of Plaintiff's consumer report from TransUnion.

15. On or around September 24, 2014, Plaintiff obtained copies of her credit reports from the three major consumer reporting agencies, and found that

1 CAVALRY had reported to all three major reporting agencies that Plaintiff actually owed a balance exceeding six thousand dollars.

16. Plaintiff disputed the alleged debt in writing, and requested that the reporting agencies conduct a reinvestigation. In her dispute letter, Plaintiff described the background facts – that a release was executed by the prior owner of the alleged debt, and that the underlying lawsuit was dismissed. Plaintiff included a copy of the release with her dispute letter, along with contact information for the firm that represented Equable in the lawsuit, and who prepared the release. Plaintiff's dispute letter was received by Equifax on or around October 5, 2014.

17. Upon information and belief, Equifax then contacted CAVALRY in the conduct of its investigation. Upon information and belief, Equifax included in its communication with CAVALRY a copy of Plaintiff's letter and a copy of the supporting documentation – that is, the release agreement.

18. Nevertheless, Plaintiff received a letter from Equifax dated October 24, 2014, indicating that Equifax had contacted CAVALRY and verified that the debt belonged to her. Based upon CAVALRY's instructions, Equifax elected not to delete the blemish from Plaintiff's credit report.

**FIRST CLAIM FOR RELIEF**

(For Violations of the FDCPA Against CAVALRY and DOES 1 through 5, inclusive)

19. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 18 above.

20. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Making false, deceptive, or misleading representations in its attempts to collect the alleged debt, in violation of 15 U.S.C. §1692e, including but not limited to false representing the character, amount, or legal status of the alleged debt in

violation of 15 U.S.C. §1692e(2)(A), and deceptive means to collect the debt, in violation of 15 U.S.C. §1692e(10), in particular by claiming that the Chase debt was still owed when in fact, if it had ever existed – a point disputed by Plaintiff in her litigation against Equable – it had been extinguished by the release with Equable;

   b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

   c) Communicating to various credit reporting agencies that Plaintiff owed a debt exceeding six thousand dollars when CAVALRY knew or should have known was false, in violation of 15 U.S.C. §1692e(8); and

   d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

   21. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things. For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

**SECOND CLAIM FOR RELIEF**

(For Violations of the Rosenthal Act Against CAVALRY and DOES 1 through 5, inclusive)

   22. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 21 above.

   23. Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts

performed in attempting to collect a consumer debt:

   a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

   b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17; and

   c) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1) and California Civil Code section 1788.17.

24. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

### THIRD CLAIM FOR RELIEF

(For Violations of the Fair Credit Reporting Act Against CAVALRY and DOES 1 through 5, inclusive)

25. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 24 above.

26. Plaintiff is a "consumer," as defined by the Fair Credit Reporting Act ("FCRA") section 603, codified at 15 U.S.C. §1681a(c).

27. CAVALRY is a "person," as defined by the FCRA section 603, codified at 15 U.S.C. §1681a(b).

28. Experian, TransUnion, and Equifax are consumer reporting agencies, as defined the FCRA section 603, codified at 15 U.S.C. §1681a(f).

29. CAVALRY and Does 1 through 5, inclusive, violated the FCRA by reporting inaccurate and misleading information to the consumer reporting agencies – namely, that Plaintiff owed an outstanding balance on the Chase debt. This

information was inaccurate in that it reflected liability which did not exist.

30. Plaintiff properly disputed – and requested verification of – the alleged debt by written communication with all three of the major consumer reporting agencies, Experian, TransUnion, and Equifax.

31. CAVALRY failed to conduct a proper investigation of the Plaintiff's dispute, and failed to review all of the information purportedly provided to it by the credit reporting agencies, in violation of 15 U.S.C. §§1681s-2(b)(A) and 1681s-2(b)(B).

32. Despite knowing – or having reasonable cause to know – that Plaintiff's claims were truthful, and that the alleged debt was invalid, CAVALRY verified the debt, in violation of 15 U.S.C. §1681s-2(a).

33. Plaintiff has suffered actual damages as a direct result of CAVALRY's misconduct, including – but not limited to – mental anguish and suffering, inconvenience, humiliation, frustration, anger, loss of sleep, and anxiety.

34. Under 15 U.S.C. §1681o, CAVALRY is liable to Plaintiff for attorney's fees, costs, and actual damages. Further, since CAVALRY's violations were willful, CAVALRY is liable for statutory damages and punitive damages under 15 U.S.C. §1681n(a).

**FOURTH CLAIM FOR RELIEF**

(For Violations of the Fair Credit Reporting Act Against CAVALRY and DOES 1 through 5, inclusive)

35. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 34 above.

36. At various times prior to the commencement of this lawsuit, CAVALRY obtained copies of Plaintiff's credit report – including on or around January 1, August 4, and August 13, 2014

37. At those times, CAVALRY's use of the credit report was impermissible, in

that CAVALRY did not have a relationship with CAVALRY as defined under 15 U.S.C. §1681b(a)(3)(A) - (G). CAVALRY's use was not permissible under 15 U.S.C. §1681b(a)(3)(A) because the debt CAVALRY later attempted to collect had already been extinguished.

38. At no time relevant to this complaint did Plaintiff give CAVALRY permission or instructions to obtain his consumer report.

39. Nor did any court of competent jurisdiction ever order Plaintiff's consumer reports to be furnished to CAVALRY.

40. CAVALRY and its employees are prohibited from obtaining consumer reports under false pretenses, pursuant to 15 U.S.C. §1681q.

41. CAVALRY was and is required to establish and maintain reasonable procedures to prevent its facilities from being used to obtain consumer reports under false pretenses, under 15 U.S.C. §1681b(f).

42. CAVALRY failed to establish procedures that would prevent its facilities from being used to obtain a consumer report under false pretenses.

43. CAVALRY willfully obtain the information contained in Plaintiff's consumer report from Experian and TransUnion under false pretenses, and/or for an impermissible purpose.

44. Based upon the foregoing. Plaintiff is entitled to damages statutory and/or actual damages, punitive damages, and attorney's fees under 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

WHEREFORE, Plaintiffs request that judgment be entered in their favor against the defendants as follows:

1. Punitive and/or exemplary damages, both under common law and 15 U.S.C. section 1681n(a);

2. Actual damages under 15 U.S.C. §1681o;

3. Costs and attorney's fees, under 15 U.S.C. §1681o;

4. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

5. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

6. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure section 490.020.

7. General damages, with prejudgment interest as permitted by law; and

8. For such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that plaintiff MARLA COLE requests a trial by jury.

DATED: November 10, 2014                Respectfully submitted,

                                        By: _____
                                        Aidan W. Butler
                                        Attorney for Plaintiff
                                        MARLA COLE